IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHELE O'SHAYNE,<br><br>    Plaintiff,<br><br>v.<br><br>GARRETT L. MOTT; WELLS FARGO BANK, N.A.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:12cv463<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |
| GARRETT L. MOTT,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>BARBARA J. WILSON,<br><br>    Third-Party Defendant. | |

  District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Garrett L. Mott's ("Defendant") motion for leave to file an amended third-party complaint to include an additional third-party defendant.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice,

---

[1] *See* docket no. 16.

[2] *See* docket no. 14.

the court concludes that oral argument is not necessary and elects to determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## I.  Motion for Leave to Amend Complaint

Defendant seeks to amend his complaint to add Kathryn Erickson ("Ms. Erickson") as a third-party defendant to this action.[3]  Defendant contends that Ms. Erickson "is a necessary party who may be liable for all or part of the damages sought by [Michele O'Shayne ("Plaintiff")], or damages incurred by Third-Party Defendants."[4]  Specifically, Defendant argues that the claims asserted by Plaintiff include factual allegations that she is a victim of a forged deed.  Because Ms. Erickson's acknowledgment appears on the deed, Defendant asserts, she should be included as a party in Plaintiff's action.  In response, Plaintiff argues that the court should deny the motion for leave to amend because "there is no good faith basis to assert a claim against [Ms.] Erickson."[5]  Plaintiff contends that Ms. Erickson can only be liable if someone else signed Plaintiff's signature and Ms. Erickson falsely notarized it.  Because Plaintiff testified that she never signed the deed and Ms. Erickson testified she never notarized Plaintiff's signature, Plaintiff concludes that there is no good faith basis to add Ms. Erickson.

Under rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Furthermore, the court should freely grant leave to amend "when justice so requires."  *Id.*  In general, a court may refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

---

[3] *Id.*

[4] Docket no. 15 at 5.

[5] Docket no. 18 at 2.

amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citation omitted).

Defendant argues that the motion for leave to amend should be granted because granting the requested leave will not unnecessarily delay the case, the motion was filed in good faith, and allowing the amendment is in the interests of justice. Plaintiff does not respond directly to these arguments and does not address any of the rule 15 factors the court should consider when determining whether to grant a motion to amend.

Under the liberal standard for granting leave to amend pleadings, the court concludes that Defendant should be allowed to amend his third-party complaint. With respect to the factors the court should consider as grounds for denying Defendant's motion, the court concludes that none of those factors exist in this case.

First, there is no undue delay in bringing the motion. Defendant brought this motion for leave to amend soon after discovering the reason for the proposed amendment and well within the allotted time period for amending pleadings under the Scheduling Order.[6] Furthermore, the other third-party defendant, Barbara Wilson, has yet to file her answer to the third-party complaint. Additionally, Plaintiff has not argued that she will be prejudiced by the proposed amendment or that there has been any bad faith, dilatory motive, or failure to cure deficiencies. Plaintiff does not directly argue that the proposed amendment would be futile; however, Plaintiff does contend that "there is not a good faith basis to make [an] allegation"[7] against Ms. Erickson. A motion to amend is futile if the amended complaint would be subject to dismissal. *See*

---

[6] *See* docket no. 17 (ordering that motions to amend pleadings be filed by Jan. 31, 2013).

[7] Docket no. 18 at 2.

*Jefferson Cnty. Sch. Dis. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 2011).  To the extent Plaintiff is asserting that a lack of factual support would make the amended complaint subject to dismissal, and thus futile, the court is not persuaded.

First, a motion for leave to amend is not the proper manner in which to address the merits of, or the evidentiary support for, Defendant's claims against Ms. Erickson.  There has not yet been opportunity for discovery in this case.  An inquiry into Defendant's evidentiary support for his claims against Ms. Erickson would be more appropriate in a motion for summary judgment after the completion of discovery.  Furthermore, Plaintiff has not provided any support that the proposed amendment would be subject to dismissal.  Based on the foregoing, Plaintiff has not persuaded the court granting Defendant's motion would be futile.

As support for Plaintiff's contention, Plaintiff points to rule 11 of the Federal Rules of Civil Procedure.  Rule 11 merely requires attorneys to sign filings to the court certifying that their representations "have evidentiary support" or are "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(a)-(b).  While Plaintiff has not filed a motion for rule 11 sanctions, the court nonetheless concludes that Defendant's counsel has sufficiently certified that upon further investigation and discovery, the allegations are likely to have evidentiary support.

## CONCLUSION

Based on the foregoing, Defendant's motion for leave to amend[8] is **GRANTED**. Within fourteen (14) days of the date of this order, Defendant may file the amended third-party complaint.

**IT IS SO ORDERED.**

DATED this 5th day of October, 2012.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 14.